O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MICHAEL BENVENISTE, | Case No. CV 10-00133-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Michael Benveniste seeks judicial review of the Social Security Commissioner's denial of his application for disability insurance benefits ("DIB"). For the reasons stated below, the Commissioner's decision is reversed and this action is remanded for further proceedings consistent with this opinion.

**I.   Facts and Procedural Background**

Plaintiff was born on August 24, 1963. He has a college education and has work experience as a school teacher. (Administrative Record ("AR") 155, 190.) Plaintiff filed an application for DIB on June 2, 2006, alleging disability as of

1

1 April 12, 2003, due to diabetes mellitus and affective mood
2 disorder. (AR 76, 130, 155.)

3     Plaintiff's application was denied initially and upon
4 reconsideration. (AR 136-140, 143-147.) An administrative hearing
5 was held on July 31 2007, before Administrative Law Judge ("ALJ")
6 John Tobin. Plaintiff, unrepresented by counsel, testified, as did
7 vocational expert Edwin G. Kurata. (AR 92-125.) On August 17, 2007,
8 ALJ Tobin issued an unfavorable decision. (AR 75-79.) The ALJ found
9 that Plaintiff had not engaged in substantial gainful activity
10 since the alleged onset date of April 12, 2003. (AR 78.) The ALJ
11 further found that Plaintiff suffered from the following severe
12 impairments: diabetes mellitus and depressive disorder, NOS. (Id.)
13 The ALJ then determined that Plaintiff's impairments did not meet
14 the requirements of a listed impairment found in 20 C.F.R. Part
15 404, Subpart P, Appendix 1. (Id.) Plaintiff was deemed unable to
16 perform his past relevant work but the ALJ found that there were
17 jobs that exist in significant numbers that Plaintiff could
18 perform, such as day worker, box binder, and bench inspector. (AR
19 78-79.) Therefore, the ALJ concluded that Plaintiff was not
20 disabled within the meaning of the Social Security Act. (Id.)

21     Plaintiff then retained counsel who filed a request for review
22 by the Appeals Council. Between December 2007 and May 2009, counsel
23 submitted numerous additional medical reports in support of his
24 request for review. On November 13, 2009, the Appeals Council
25 denied the request for review.

26     Plaintiff commenced this action on January 8, 2010, and on
27 September 3, 2010, the parties filed a joint stipulation ("Joint
28 Stp.") of disputed facts and issues. Plaintiff alleges: (1) the

1   Appeals Council erred by failing to remand based on the submission

2   of new evidence from Plaintiff's treating physicians[1] and (2) the

3   ALJ failed to properly evaluate Plaintiff's subjective complaints.

4   (Joint Stp. 2-3.) Plaintiff asks the Court to reverse and order an

5   award of benefits, or in the alternative, remand for further

6   proceedings. (Joint Stp. 28.) The Commissioner requests that the

7   ALJ's decision be affirmed. (Joint Stp. 28-29.)

8       After reviewing the parties' respective contentions and the

9   record as a whole, the Court finds Plaintiff's contention that

10  newly obtained evidence should have been considered to be

11  meritorious and remands this matter for further proceedings

12  consistent with this opinion.[2]

13

14  **II.   Standard of Review**

15      Under 42 U.S.C. § 405(g), a district court may review the

16  Commissioner's decision to deny benefits. The Commissioner's

17  decision must be upheld unless "the ALJ's findings are based on

18  legal error or are not supported by substantial evidence in the

19  record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir.

20  1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

21  Substantial evidence means more than a scintilla, but less than a

22

23      [1] Plaintiff articulates this claim as one of a failure of the
    ALJ to properly evaluate the medical evidence of record, but the
24  analysis focuses primarily on the new evidence (by various treating
    physicians) submitted for the first time to the Appeals Council.
25  The Court construes this as a new evidence claim.

26      [2] The Court will only address the issue of newly obtained
    evidence. However, as noted above, Plaintiff also contends that the
27  ALJ made various other errors. The Court does not reach the
    remaining issue or decide whether this claim of error would
28  independently warrant relief.

1   preponderance; it is evidence that a reasonable person might accept

2   as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504

3   F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*,

4   466 F.3d 880, 882 (9th Cir. 2006)). To determine whether

5   substantial evidence supports a finding, the reviewing court "must

6   review the administrative record as a whole, weighing both the

7   evidence that supports and the evidence that detracts from the

8   Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720

9   (9th Cir. 1996). "If the evidence can support either affirming

10  or reversing the ALJ's conclusion," the court "may not substitute

11  its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

12

13  **III. Remand Is Appropriate for the ALJ to Consider Newly Obtained**

14  **Evidence**

15      Plaintiff contends that he presented new evidence regarding his

16  physical and mental impairments to the Appeals Council after the

17  hearing held on July 31, 2007 which changed the weight of the

18  evidence and requires remand for reconsideration. This new evidence

19  consists of a letter dated September 11, 2007 completed by Ron

20  Gallemore, M.D.; a Mental Impairment Questionnaire completed on

21  December 6, 2007 by Jan Merman, M.D.; records from Retina Vitreous

22  Associates dated September 11, 2007 to May 21, 2008; a June 11, 2008

23  report from True Sleep; a Mental Impairment Questionnaire dated

24  December 2007, supervised by David Feldman, M.D.; records dated May

25  8 to July 2, 2008, prepared by Nachman Brautbar, M.D.; and a record

26  dated May 5, 2009 from Quest Diagnostic. (AR 12-63.) These records

27  relate to Plaintiff's visual impairments caused by his diabetes

28  mellitus and his mental impairments, including personality disorder

4

1 | and depression. Plaintiff contends that these medical records

2 | support a finding that his physical and mental impairments preclude

3 | him from performing work in the national economy. (Joint Stp. 7.)

4 | The Court has jurisdiction to remand the case to the

5 | Commissioner for the consideration of new evidence, but "only upon

6 | a showing that there is new evidence which is material and that

7 | there is good cause for the failure to incorporate such evidence

8 | into the record in a prior proceeding." *See* 42 U.S.C. § 405(g)

9 | (Sentence Six); *Allen v. Secretary of Health & Human Servs.*, 726

10 | F.2d 1470, 1473 (9th Cir. 1984). New evidence is material if (1) the

11 | evidence bears "directly and substantially" on the matter in

12 | dispute, and (2) there is a "reasonable possibility" that the new

13 | evidence would have changed the outcome of the administrative

14 | hearing. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001);

15 | *see also Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378,

16 | 1380 (9th Cir. 1984)(new evidence is material if there is a

17 | reasonable possibility that it would have changed the outcome of the

18 | ALJ's determination).

19 | In addition, evidence is new and material only where it relates

20 | to the period on or before the date of the ALJ's decision. *See* 20

21 | C.F.R. § 404.970. However, "reports containing observations made

22 | after the period of disability are relevant to assess the

23 | [plaintiff's] disability. It is obvious that medical reports are

24 | inevitably rendered retrospectively and should not be disregarded

25 | solely on that basis." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir.

26 | 1988); *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975).

27 | //

28 | Here, the new evidence submitted by Plaintiff bears directly

1  on the severity of Plaintiff's physical and mental impairments prior

2  to the date of the administrative hearing, and there is a real

3  possibility that such evidence would have changed the ALJ's

4  decision.  For  example,  the  Mental  Impairment  Questionnaires

5  completed by Dr. Merman on December 6, 2007 and by Dr. Feldman in

6  December 2007 provide evidence of the effect of Plaintiff's mental

7  impairments on his ability to perform and complete work related

8  tasks. (AR 12-19, 39-42.) In addition, the letter written by Dr.

9  Gallemore on September 11, 2007 provides further evidence of the

10 severity of Plaintiff's visual impairments. (AR 25-26.)

11      There is also good cause for Plaintiff's failure to incorporate

12 this evidence into the record in the prior proceeding. First, much

13 of the additional evidence was not available prior to the date of

14 the ALJ's decision on August 17, 2007.  Further, Plaintiff was

15 unrepresented by counsel during the administrative hearing. It is

16 clear that proceeding pro se does not, without more, provide good

17 cause for failure to submit documents. *See Allen*, 726 F.2d at 1473.

18 However, to the extent that Plaintiff's psychological problems,

19 which appear to include at least some difficulty in interacting with

20 others, prevented him from obtaining records or from hiring an

21 attorney, this would provide the requisite good cause. Indeed, where

22 the claimant is not represented by counsel, the ALJ has a heightened

23 duty to assist the claimant in obtaining relevant evidence. *See*

24 *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("When the

25 claimant is unrepresented, ... the ALJ must be especially diligent

26 in exploring for all the relevant facts.") (citing *Cox v. Califano*,

27 587 F.2d 988, 991 (9th Cir. 1978)). Further, once Plaintiff obtained

28 counsel, his attorney quickly procured the various records at issue

1 and submitted them to the Appeals Council.

2      Accordingly, the case is remanded for the ALJ to consider the

3 medical evidence and any other relevant records produced since the

4 time of the prior administrative hearing.

5

6 **IV.   Conclusion**

7      For the reasons discussed above, the decision of the Social

8 Security  Commissioner  is  REVERSED  and  REMANDED  for  further

9 proceedings consistent with this opinion.

10

11 Dated: September 9, 2010

12

13

14 _____

Marc L. Goldman

15 United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28